In re SEITZ.

(Supreme Court, Special Term, Kings County. June, 1900.)

INTOXICATING LIQUORS—SURRENDER OF LIQUOR TAX CERTIFICATE—REBATE—
VIOLATION OF LIQUOR TAX LAW.

 Under Laws 1896, c. 112, § 25, providing that a holder of a liquor tax
certificate may voluntarily surrender such certificate, and receive a re-
bate of taxes, when he is not under arrest or indictment for a violation
of such chapter, a holder of such certificate is not entitled to a rebate on
an attempted surrender thereof when he is under indictment for a viola-
tion of such law committed while holding a certificate which had expired
prior to the issue of the one sought to be surrendered.

Application of Michael Seitz for a writ of mandamus against the
state commissioners of excise to compel the payment of a rebate on
a liquor tax certificate attempted to be surrendered. Denied.

John A. Kamping, for the application.

P. W. Cullinan, opposed.

GAYNOR, J. This application is opposed on the ground that the
applicant was indicted for an alleged violation of the liquor tax law
while holding a liquor tax certificate which expired prior to the one
now sought to be surrendered having been issued to him, and has not
been acquitted under the said indictment. This seems to be a good
objection. The only right to such rebate is under section 25 of the
liquor tax law, and it cannot be got except within the strict terms
thereof. The question is not one of forfeiture. That section permits
a person holding a liquor tax certificate to surrender it to the officer
who issued it, providing there be not pending against him any "com-
plaint, prosecution or action" for any violation of the liquor tax law.
If any such be pending he has no right to offer to surrender it, and
such an offer could not be entertained. This disability is not confined
by the statute to such a violation during the term of the certificate to
be surrendered, but is based on any violation of the statute for which a
complaint, prosecution or action is pending. Such surrender can be
applied for only upon a verified petition showing that no such com-
plaint, action or prosecution is pending. If such petition cannot be
made there can be no surrender. And upon such surrender to such
officer who issued the certificate, the state commissioner of excise, to
whom the verified petition and the surrendered certificate have to be
transmitted, has to hold the matter in abeyance for 30 days to see if
any such complaint, prosecution or action be brought after such sur-
render, and if any be so brought "such petition shall not be granted
until the final determination of such proceedings or action" in favor
of the certificate holder. In brief, the construction of section 25 is
this: If a complaint, prosecution or action for a violation of the
liquor tax law at any time be pending, the certificate holder cannot
surrender the certificate to the officer who issued it for transmission
to the state commissioner of excise; and if none be pending, and such
surrender and transmission be made, the latter officer has still to hold
the matter for 30 days before paying the rebate, and if meanwhile one
be brought he must await an acquittal before paying. The object of

the statute is that rebates shall not be paid to those who shall be convicted of violating the statute. Whether such violation occurred during the running of the certificate sought to be surrendered, or previously, can make no difference.

The application is denied.